## PARLEY'S PARK SILVER MINING COMPANY *v.* KERR.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 154. Submitted January 8, 1889. — Decided April 1, 1889.

In Utah a complaint which alleges that the plaintiff is owner and in possession of land, that the defendant claims an adverse interest or estate therein, that such claim is without legal or equitable foundation and is void, and that it is a cloud on the plaintiff's title and embarrasses him in the use and disposition of his property and depreciates his property, and which prays for equitable relief in these respects, is sufficient to require the adverse claim on the part of the defendant to be set up, inquired into and judicially determined, and the question of title finally settled.

The question, under Rev. Stat. § 2319, as to what customs and rules of miners in a mining district not inconsistent with the laws of the United States are in force in the district when an application is made for a patent of mineral land, is one of fact determinable by the Commissioner of the Land Office.

Rule 4 of the rules of the Blue Ledge mining district in Utah, adopted May 17, 1870, limiting the width of a mining location to 200 feet, was so modified May 4, 1872, that thereafter the surface width was to be governed by the laws of the United States.

THE case is stated in the opinion.

*Mr. J. G. Sutherland* and *Mr. J. R. McBride* for appellant.

*Mr. Charles W. Bennett* for appellee.

MR. JUSTICE LAMAR delivered the opinion of the court.

This action was brought in a District Court of the Territory of Utah on the 14th of September, 1880, by the appellant, Parley's Park Silver Mining Company, to establish the validity of its title to certain mining property in Utah, and to have annulled the adverse claim of the appellee, John W. Kerr, to an estate or interest in said property.

The suit was founded upon § 1479, Compiled Laws of Utah, § 254 of the Practice Act, which is as follows: "An action may be brought by any person in possession by himself or his tenant, of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate, or interest."

The complaint sets forth the cause of action in the very terms of this section, alleging, in effect, that the plaintiff is owner, subject only to the paramount title of the United States, and in possession of the lands in question; that the defendant claims an adverse interest or estate therein; that the said claim is without legal or equitable foundation and void; and that it is a cloud on plaintiff's title, embarrasses him in the use and disposition of the property, and depreciates its value. Therefore, he prays (1) That the defendant may be required to set forth the nature of his claim, and that all adverse claims of the defendant may be determined by a decree of the court. (2) That by said decree it be adjudged that the defendant has no interest or estate whatever in said land, and that the title of the plaintiff is valid and good. (3) That the defendant be enjoined against asserting any adverse title to said land or premises.

The defendant in his answer denies the plaintiff's ownership and possession, and sets up a paramount title in himself based upon a patent to him from the United States embracing the land in question.

The facts agreed upon by the parties and adopted by the court as findings are substantially as follows: Two mining claims in the Blue Ledge mining district of Utah, known as the Central mining claim and the Lady of the Lake mining

claim, together with all the estate and interest therein, were conveyed to the plaintiff by the original locators and their grantees. At the time of the commencement of the suit there was no actual possession of the premises in question, but the plaintiff had, according to the mining laws of the district, possession of parts of those two mining claims, and, according to those laws, such possession is also possession of the disputed premises, provided they are rightfully a part of the Central and Lady of the Lake claims, and not the property of the defendant under his patent for the Clara mining claim. This mining claim patented to the defendant is overlapped by the two claims of the plaintiff, and this overlapped portion constitutes the premises in controversy. The plaintiff and its grantors had done the work required by law on its mining claims, but had not at the time obtained a patent for either.

The Lady of the Lake mining claim was located July 25, 1875, and was surveyed for patent July 8, 1876.

The Central mining claim was located August 19, 1876, was surveyed for application for patent August 2, 1880, and application for patent was made by the plaintiff or its grantors soon thereafter.

The Clara mining claim was located July 28, 1872, was surveyed for patent March 31, 1876, was entered and paid for February 20, 1879, and the patent itself was issued February 6, 1880, to the defendant, and held by him at the commencement of the suit.

It is also agreed that "during the 60 days' publication of the notice of application for patent for the Clara mining claim and mill site, the owners of the Lady of the Lake mining claim filed in the United States Land Office an adverse claim against said application for patent, and thereby made an adverse claim to the areas in conflict between the Lady of the Lake mining claim and the Clara mining claim and Clara mill site. On the 25th day of July, 1876, agreements in writing were made between the owners of the Lady of the Lake mining claim and the applicants for patent for the Clara mining claim and mill site, as follows: An agreement whereby the owners of the Clara mill site relinquished their application for patent for so

much thereof as conflicted with the Lady of the Lake mining claim, and the owners of the Lady of the Lake mining claim agreed, in consideration thereof, to prosecute their application for patent for said claim with diligence and when patent was obtained to convey to the owners of said mill site or their assignees the area in conflict between said mill site and said Lady of the Lake mining claim, excepting and reserving, however, to the owners of the Lady of the Lake mining claim any mineral vein under the surface of said conflict area, and also the right to mine and extract any minerals therein. And the owners of the Clara mining claim agreed not to protest the application for patent for the Lady of the Lake mining claim, and at the same time the owners of the Lady of the Lake mining claim, as part of the same agreement, made and delivered to the applicants for patent for the Clara mining claim, and also filed in said United States Land Office, a written withdrawal relinquishing their said protest and adverse claim against the application for patent for the Clara mining claim, and released to the United States and their grantees the lands and premises in conflict between the said Clara and the Lady of the Lake mining claims, the said conflict area containing forty one hundredths of an acre, more or less."

A copy of the mineral laws of the Blue Ledge mining district was by agreement filed with the stipulation, and it was agreed they formed a part of the application for patent for the Clara mining claim. The defendant reserved the right to object to the admissibility of any facts offered with a view to attack or impeach the validity of the patent.

The case was submitted to the court on the pleadings, stipulations and exhibits of the parties. The court rendered judgment in favor of the defendant as the owner of the premises in dispute, and entitled to the possession thereof, and dismissed the plaintiff's action on the merits. This judgment, on appeal to the Supreme Court of Utah, was affirmed. We think it clear that the appellant has no title, color of title, or right of any kind to the area in conflict between the Lady of the Lake mining claim and the Clara mining claim. The facts show that whilst the application for patent for the Clara mining

claim was pending, and during the sixty days' period of publication of notice, the owners of the Lady of the Lake claim, (grantors of the appellant,) filed their protest and adverse claim against the same, but afterwards, and within the sixty days, filed in the local land office a relinquishment of such adverse claim, and a withdrawal of the protest against the said application for the Clara mining claim.

As to the disputed premises within the Central mining claim, the defendant relies upon his patent, which is admitted to include the land in controversy, and was free from any conflict with the central mining claim at the date of its issue. He claims this patent to be conclusive of the legal title, and that it justifies the presumption that all the prerequisite facts and acts prescribed by law were complied with. The appellant contends that the patent is void, because it was issued in violation of the mining laws of the Blue Ledge mining district in which the location was made, in that those mining laws, which have the force of a public statute, fixed the width of mining locations within that district at 200 feet. The patent was for a location of 600 feet.

The first issue to be determined is, whether the complaint is sufficient to authorize the admission of evidence impeaching the validity of a patent, or to sustain a judgment annulling it. This question was directly presented in the case of *Ely* v. *New Mexico and Arizona Railroad Co.*, recently decided by this court. 129 U. S. 291. That was an action commenced in a territorial court under the statutes of that Territory, almost literally the same as the statutes of Utah under which this action arose, and the prayer for relief was precisely the same in both complaints. The court held, in that case, that the rule enforced in the Circuit and District Courts of the United States, that a bill in equity to quiet title or remove clouds must show a legal and equitable title in the plaintiff, and set forth the facts and circumstances on which he relies for relief, does not apply to an action in the territorial court founded upon territorial statutes, which unite legal and equitable remedies in one form of action. The complaint in the present case, in compliance with the requirements of the Practice Act of Utah.

Territory, states in concise language the two ultimate facts, upon which the claim for relief depends, that the plaintiff is in possession of the property, and that the defendant claims an interest or an estate therein adverse to him. These are sufficient to require the nature and character of the adverse claim on the part of the defendant to be set up, inquired into, and judicially determined, and the question of title finally settled.

The only question, therefore, which remains for consideration, is, whether the proofs in the agreed statement of facts, which are incorporated in the findings of fact, show that the patent should have embraced a width of only 200 feet. By § 2319, Rev. Stat., mineral lands are open to purchase under regulations prescribed by law, and according to the local custom and rules of miners in the several mining districts, not inconsistent with the laws of the United States. Counsel for appellant cites the rules adopted in the Blue Ledge mining district, May 17, 1870, to sustain his position. One of these rules, § 4, provides that "the surface width of any mining location shall not exceed 100 feet in width on each side of the wall-rocks of said lode." Had that regulation remained in existence and been in operation at the time the Clara mining claim was located, its effect upon the legality and validity of that location, at least as to all the land in excess of 200 feet, could not be doubted; but we find that the miners of Blue Ledge mining district frequently changed their rules in several important particulars, among them those relating to the width of mining locations. We find in the record the "minutes of a miners' meeting, held on May 4, 1872, to alter and amend the laws of the Blue Ledge mining district." It is an agreed fact that, on the day of that meeting, it was known to those miners that an act of Congress, relating to the location and extent of mining claims upon mineral lands of the United States, had passed, or was about to be passed. Among the other alterations adopted at that meeting, and, as seems to be agreed, in anticipation of the act of Congress, they provided in § 14 that "the surface width shall be governed by laws of the United States of America." And in § 19 they add the

general repealing clause. The act of Congress, which was passed May 10, 1872, provides as follows:

"A mining claim located after the tenth day of May, eighteen hundred and seventy-two, whether located by one or more persons, may equal, but shall not exceed, one thousand five hundred feet in length along the vein or lode. . . . No claim shall extend more than three hundred feet on each side of the middle of the vein at the surface, nor shall any claim be limited by any mining regulation to less than twenty-five feet on each side of the middle of the vein at the surface, except where adverse rights existing on the tenth day of May, eighteen hundred and seventy-two, render such limitation necessary." Rev. Stat. § 2320.

The Clara mining claim, it is conceded, was located under the by-law and the act of Congress just quoted. It was located, officially surveyed for application for patent, and formally presented to the Land Office for patent, before the Central mine was located. It is admitted that these by-laws were before the Commissioner of the General Land Office and formed a part of the application. The question as to which of these provisions was in force, was one of fact, determinable by the Commissioner, whose duty it was also to take official notice of the statute upon the subject. He decided as a fact, that the local laws of the district as to the width of the location had not been exceeded in this instance.

Whether this decision of the Commissioner as to a fact within his jurisdiction goes to the full extent claimed we need not decide. In every view, we think it was correct, and that the patent issued by him was according to law, and, therefore, valid.

The judgment of the court below is

*Affirmed.*