WILLIAM GLASMANN, APPELLANT, v. MARY O'DON-
NELL, RESPONDENT.

·QUIETING TITLE.—PLEADING.—MISTAKE.—EVIDENCE.—In an action
    brought under Section 3468, 2 Comp. Laws, 1888, which provides
    that an action may be brought by any person against another,
    who claims an estate or interest in real property adverse to him,
    for the purpose of determining such adverse claim, where a
    cross-complaint averred title in fee and set out the title by a
    chain of deeds, and answer to the cross-complaint set out title
    in fee and deraigned the title by a chain of deeds, both claiming
    from a common grantor, evidence is admissable to show that
    there was a mistake in the description in one of the deeds under
    which appellant claimed, without any allegation of mistake or
    prayer for reformation.
DEED.—DESCRIPTION.—CERTAIN CONTROLLING UNCERTAIN.—Where
    a deed describes the land by metes and bounds according to the
    U. S. survey, and follows with a further description: "said tract
    being a portion of lot 9 and lots 10, 11 and 12, block 18, and lot 7
    and a portion of lots 8 and. 9, block 19, Brighton Five Acre
    Farming Plat," held, that the first description, being definite
    and certain, should control the second description, being indefi-
    nite and uncertain.

APPEAL from a judgment of the district court of the
third district and from an order refusing a new trial. The
pleadings in the case were as follows: Plaintiff filed an
ordinary complaint to quiet title under the staute averring
title and ownership in fee, and deraigning the title by a
series of deeds from the patentee of the United States.
Defendant answered denying the plaintiff's title, and aver-
ring title and ownership in fee, and deraigning title from
the same patentee of the United States by a series of
deeds, and also setting up the statute of limitations and
adverse title by possession. The plaintiff answered this
cross-complaint denying the defendan's allegations and
averring the title set up in the original complaint.

The cause was tried before the court without a jury.
The facts were as follows: The tract in question was
patented to one Phippin, who afterwards conveyed to

Joseph A. Young.   On the same day, February 23, 1874, Joseph A. Young made two deeds, both of them being warranty deeds (but the evidence did not show which was made first), conveying the tract of land in question.   The deed of Young to Grow, the plaintiff's grantor, was first recorded.   It contained two descriptions, one by metes and bounds, according to the government corner; the other being as follows: "said tract being a portion of lot 9 and lots 10, 11 and 12 in block 18, and lot 7 and a portion of lots 8 and 9 in block 19, Brighton Five Acre Farming Plat."   At this time there was a Brighton Five Acre Farming Plat on file in the county recorder's office, but it was not located by any reference to the government survey.   Grow granted the land to the plaintiff by deed. Defendant deraigned title from the other grantor of Joseph A. Young.

The evidence also tended to show that the two descriptions in the deed of Young to Grow were at the time it was made supposed to be identical.   But that later, in 1883, this description was found to be repugnant, by a re-location and re-survey of what was considered to be the Brighton Plat.   The land in question was during all the time unimproved, unfenced, waste desert land, used for no purpose by any one.

The findings of the court were that Joseph A. Young, the common grantor, conveyed the land February 23d, 1874, to the defendant's grantor, and this title by a series of mesne conveyances vested in the defendant; that the first description in the deed of Young to Grow was caused by a mistake, and was contrary to the intention of Young and Grow, and that Mary O'Donnel and her predecessors in interest had been in possession of the land since Young made his deed, and such possession had been "actual, peaceable and continued" since February 23d, 1874.   The remaining facts are found in the opinion.

*Mr. H. Dickson* and *Mr. John M. Zane* for the appellant.

The first description in Young's deed to Grow must control.   *Benedict* v. *Gaylord*, 11 Conn., 332; 29 Am. Dec. 299; *Dana* v. *Middlesex Bank*, 10 Met. 250; *Worthington*

v. *Hyler*, 4 Mass., 195; *Turney* v. *Bean*, 5 N. H., 58; *Drew* v. *Drew*, 28 N. H., 489; *Nutting* v. *Herbert*, 35 N. H., 120; *Jones* v. *Smith*, 73 N. Y., 205; *Widbur* v. *Washburn*,. 47 Cal., 67; *Sawyer* v. *Kendall*, 10 Cush., 246; *Heaton* v. *Hodges*, 30 Am. Dec. and note; *Raymond* v. *Caffey*, 5 Or., 132; *Crescent Co.* v. *Wasatch Co.*, 19 Pac. Rep., 198. Parol testimony is not admissable to show a contrary intention. *Benèdict* v. *Gaylord, supra*; *Waterman* v. *Johnson*, 13 Pick., 264; *Bond* v. *Fay*, 12 Allen, 88; *Nutting* v. *Herbert, supra*; *Truett* v. *Adams*, 66 Cal., 218; *Howe* v. *Bass*, 2 Mass., 380; 3 Am. Dec., 59; *Dale v. Smith*, 1 Del. Ch. 1; 12 Am. Dec. 64; 2 Devlin on Deeds, sec. 1042.

Grow was purchaser without notice, and title passed to him; sec. 2613, 2 Comp. Laws, 1888, p. 99.

There can be no adverse possession of land unenclosed,. unimproved and used for no useful purpose, as against the legal title.    Secs. 3133 and 3135 2 Comp. Laws, 1888, p. 221.

*Mr. Edward B. Critchlow* and *Mr. Le Grande Young* for the respondent.

HENDERSON, J.:

This action was brought by the plaintiff in the third district court to quiet title, under sections 3468 of the Compiled Laws of 1888 (section 620, Practice Act).    The land in dispute is lot 6 and part of lot 5 in block 19 of what is known as "Brighton Five Acre Farming Plat." The complaint avers the ownership and possession and right of possession of the plaintiff.    It further avers that the property belonged to one Joseph A. Young on the 23d day of February, 1874, and that on that day it was conveyed by said Young to one Henry A. Grow, and afterwards by Grow to plaintiff, and that the defendant claims some interest or estate in said lands adversely to the plaintiff, but that such claim is without right or equity; and prays that the defendant be required to set forth the nature of her claim, and that it be adjudged to be invalid, and that the right and title of the plaintiff be established. The defendant answered, and denied all the allegations of the complaint, and averred that the defendant was the

owner and in the possession, and entitled to the possession, of the lands in dispute, and deraigned her title by and through a deed executed by Joseph A. Young to one John D. T. McAllister on February 23, 1874, and by mesne conveyances from said McAllister to herself, all of which are particularly set forth in the answer. Along with the answer the defendant filed a cross-complaint, in which she alleges that she was the owner in possession, and entitled to the possession, of said land, and in the cross-complaint reasserts the various conveyances by which she became the owner; and further avers that the plaintiff claims an interest in said land adverse to her, and prays that said claim be decreed to be null and void, and that her title be quieted. To this cross-complaint the plaintiff answered, and reasserted his title in detail, as set forth in the original complaint. The issues thus joined were brought to trial before the court without a jury. The evidence tended to show that "Brighton Five Acre Farming Plat" was laid out and platted before the lands were patented, and that lots were held and transferred by possesory right. The lands comprising the entire plat were finally patented by the government to Joseph A. Young. That at that time John D. T. McAllister, the defendant's grantor, was the owner of this possessory right to lots 5 and 6, in block 19, and that Henry A. Grow, the plaintiff's grantor, was the like owner of lots 7 and 8. These possessory rights were recognized by the patentee, and on the 23d day of February, 1874, he undertook to convey to each their respective lands. The testimony shows that the deeds were made and delivered at the same time. The deed to McAllister described the lands conveyed as lots 5 and 6 in block 19. The deed to Grow described the lands by metes and bounds, commencing at a corner section, and after so describing it contained this further description: "Said tract being a portion of lot 9 and lots 10, 11 and 12, block 18, and lot 7, and a portion of lots 8 and 9, block 19, Brighton Five Acre Farming Tract." The deed to Grow was first recorded. Afterwards, and some time before the commencement of this suit, it was discovered that there was a misapprehension as to the location of "Brighton Five Acre

29

Farming Plat" with reference to the government survey, and that by the corrected survey the section corner which was the starting point in the description by metes and bounds in the Grow deed is not where it was supposed to be, but, on the contrary, following the calls in that description, it conveyed lots 6 and a part of lot 5, instead of lots 7 and 8. All the testimony relative to possessory rights prior to the patent, and relative to the mistake or error in the Grow deed, was given by the defendant, and was received by the court against the objection of the plaintiff. The testimony was very conflicting as to possession. The court found in favor of the defendant, and against the plaintiff, and found as facts that the plaintiff had never been in possession; that the defendant had all the time been in possession; that the description in the Grow deed by metes and bounds was an error; that it was intended by all the parties to it to convey lots 7 and 8, and was not intended by any of the parties to it to convey any part of lots 5 and 6. Judgment was entered pursuant to the prayer of the cross-complaint. Motion was made for a new trial, which was denied, and the plaintiff appeals from both the judgment and order denying motion for a new trial.

The plaintiff claims that the findings of fact are not supported by the evidence. We have examined the records, and, if the evidence can be considered by the court, we think that it fully supports the findings; but it is further contended that the court erred in receiving the testimony relative to the possession of the lands before the patent was issued, and in relation to the error in the description by metes and bounds in the Grow deed, and as to what was intended by it. It will be seen that both parties are claiming by grant from Joseph A. Young; that the deeds under which they claim were made at the same time—the one to the defendant's grantor, describing the property in controversy by lots and blocks; the one to the plaintiff's grantor, by metes and bounds, which, according to the correct survey, describes and conveys the same property, but with a further description, which does not agree with the first. The plaintiff claims under the calls in his deed by metes

and bounds, and that, the second description being indefinite, the first must prevail, and the second be disregarded; that his deed, being first put on record, is to be considered the prior conveyance, and that, therefore, the defendant got no title by her deed; that under the pleadings in this case nothing is involved but the strict legal title, and the construction of the deeds on their face; that no equitable right or title is pleaded or averred; that, therefore, the evidence should not have been received, and that there is no predicate in the pleadings for a finding impeaching the deed to Grow, or for a decree in favor of defendant. It is undoubtedly true, if the court is restricted to the mere construction of the deeds on their face, that the first description in the Grow deed, being certain and definite, must prevail over the second, which is indefinite, in that it describes the land as being part of lots, etc. The statute above referred to, under which this action is brought, reads as follows: " An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claim." The whole question is whether, under this statute, these pleadings present a case for equitable relief. It is true, as stated in plaintiff's brief, that none of the pleadings set out such facts as constitute either fraud, accident, or mistake; but there is a complaint under this statute by each of the parties against the other in which the ultimate facts are alleged. In the case of *Mining Co.* v. *Kerr*, 130 U. S. 256, 9 Sup. Ct. Rep. 511, which went up from this territory, and arose under substantially this statute, the court said: " The rule enforced in the circuit and district courts of the United States, that a bill in equity to quiet title or remove clouds must show a legal and equitable title in the plaintiff, and set forth the facts and circumstances on which he relies for relief, does not apply to an action in the territorial court founded upon territorial statutes, which unite legal and equitable remedies in one form of action." The court further held in that case that a complains under this statute is sufficient which states the ultimate facts that the plaintiff is the owner of the lands, and that the defendant claims an interest ad-

verse to him, without setting out the facts in detail, and that under such a complaint the plaintiff could show that a patent under which the defendant claimed title had been improvidently issued or fraudulently obtained, and was therefore void. See, also, *Ely* v. *Railroad Co.*, 129 U. S. 291, 9 Sup. Ct. Rep. 293. In this case both parties are actors; both have filed a complaint under the statute; each has set forth, in answer to the other's complaint, the conveyances under which they claim. If the plaintiff's complaint would authorize him to attack any of the conveyances under which the defendant claims title for fraud, accident, or mistake, there is no reason why the defendant's cross-complaint will not authorize her to do the same as to the conveyances under which the plaintiff claims. We think there is no error in the record, and the judgment and order appealed from should be affirmed.

BLACKBURN, J., concurred, ZANE, C. J., having been of counsel, and ANDERSON, J., having heard the motion for new trial in the court below, did not sit.

A petition for a rehearing was filed in this case by the attorneys for the appellant, wherein they urged that the two cases cited by the court in its opinion were not in point. The case of *Mining Co.* v. *Kerr* did not decide that in an action of this kind the question as to whether a patent had been "fraudulently obtained or improvidently issued" could be decided, but held that a patent which was claimed to be invalid, and therefore void, not voidable, could be attacked in such a proceeding. But the supreme court of the United States has often decided that the only way in which a patent of the United States can be attacked without an equitable action in the name of the United States as plaintiff, is when the patent is invalid, when read in the light of the existing law, as for instance, when for land reserved from sale, or for an unauthorized amount, or made by officers without authority to act. *Smelting Co.* v. *Kemp*, 104 U. S. 636. See, also, *Ferry* v. *Street*, 4 Utah, 521.

No written instrument can be reformed colaterally, but only in a direct proceeding. *Osborn* v. *Hendrickson*, 8

Cal. 31; *Boggs* v. *Merced Mining Co.*, 14 Cal. 307. The mistake must be pleaded. *Barfield* v. *Price*, 40 Cal. 535; *Wright* v. *Shafter*, 48 Cal. 275. Unless the mistake is pleaded, parol evidence is not admissable. *Pierson* v. *McCahill*, 21 Cal. 123. Every person in the chain of title must be made a party. Pomeroy's Remedies, Sec. 371.

Grow's deed was made in 1874, and the remedy by reformation has been barred for fourteen years. The decisions are all plain upon this question, and all agreed that in this action if equitable relief is asked for, it must be pleaded. *Curtis* v. *Sutter*, 15 Cal. 260; *Killey* v. *Willson*, 33 Cal. 690; *Ross* v. *Heintzel*, 36 Cal. 313; *Brewer* v. *Houston*, 58 Cal. 345, which is precisely in point; *Von Drachenfels* v. *Doolittle*, 77 Cal. 295; *Castro* v. *Barry*, 79 Cal. 443, which holds that a holder of an equitable title cannot maintain his suit to quiet title against the holder of the legal title, without first obtaining the requisite equitable relief. See, also, *Johnson* v. *Portious*, 20 N. E. Rep. 792.

The rehearing was denied by the court.