# BACHE *v.* HUNT.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 177.   Argued March 11, 14, 15, 1904.—Decided April 4, 1904.

The question of jurisdiction which the act of March 3, 1891, provides may be certified direct to this court must be one involving the jurisdiction of the Circuit Court as a Federal Court and not in respect of its general authority as a judicial tribunal. *Louisville Trust Co.* v. *Knott,* 191 U. S. 225.

THE facts are stated in the opinion of the court

*Mr. F. Spiegelberg* for appellant.

*Mr. Adrian H. Joline,* with whom *Mr. Clarence Brown* was on the brief, for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This case was brought directly to this court as coming within the first of the classes of cases enumerated in section five of

the judiciary act of March 3, 1891, in which that may be done, the Circuit Court having certified that the jurisdiction of the court was in issue, and granted the appeal on that ground.

The case was briefly this: Samuel Hunt, receiver, filed his petition in the Circuit Court of the United States for the Northern District of Ohio in the foreclosure suit of *The Continental Trust Company of New York* v. *The Toledo, St. Louis & Kansas City Railroad Company, Jules S. Bache, Sylvester H. Kneeland and others*, asserting that he was entitled, out of certain of the first mortgage bonds foreclosed in the suit, and stock of the railroad company, in the hands of the Farmers' Loan and Trust Company, to be reimbursed for amounts paid by him, or his predecessors, as receiver, in the extinguishment of prior claims which the bonds and stock had been deposited to secure, and seeking a decree that they be delivered to him or sold and the proceeds so delivered, etc. The deposit had been made to secure payment of certain underlying liens, which Kneeland had agreed to pay and discharge, and which he had failed to do, and the receiver had done so out of the moneys and property of the railroad company.

Bache, who was a citizen of and resided in New York, and others were ordered to demur, plead or answer the petition, and copies of the order were mailed to the parties named, including Bache. Bache appeared specially and filed a plea to the jurisdiction of the court over the subject matter because of the pendency in the Supreme Court of New York of a suit instituted prior to the filing of Hunt's petition by Bache as a judgment creditor of Kneeland against the Toledo, St. Louis and Kansas City Railroad Company, Kneeland and the Farmers' Loan and Trust Company, in which the last-mentioned company had been appointed receiver of the securities forming the subject of the Hunt petition, on the same day on which the Hunt petition was filed; and of his person because of the insufficiency of the method of service of the order. The plea was overruled.

The Circuit Court held that when the receiver used the

moneys of the receivership to discharge the underlying liens, the equitable right accrued to him and to those whom he represented, to be reimbursed out of the securities deposited with the Farmers' Loan and Trust Company; and that as a junior encumbrancer, Bache had never been dismissed from the suit, and as such was before the court for all purposes of the distribution of the proceeds of the sale of the mortgaged property. It appeared that Bache was made one of the original defendants in the foreclosure suit as a junior encumbrancer and entered his appearance; that he afterwards set up his claim, by answer, in that suit, it being the same claim on which his proceeding in the state court was founded; that he filed his claims before the special master under order in that behalf; and that Kneeland was also a party to the cause.

Bache, declining to plead further, the petition was taken as confessed as to him, and a decree was subsequently entered that the Toledo, St. Louis and Western Railroad Company, as successor to the rights of Hunt, as receiver, and his predecessors, was entitled out of the securities in the hands of the Farmers' Loan and Trust Company to be reimbursed in the amounts which had been paid by the receivers in respect of the prior claims; and that said securities be delivered to the railroad company, or, on default of such delivery within thirty days, that they should stand cancelled and of no further force or effect. From this decree the pending appeal was thereupon taken.

It will be perceived that the jurisdiction of the Circuit Court was only questioned in respect of its general authority as a judicial tribunal and not in respect of its power as a court of the United States. The established rules of practice as to bringing in parties to ancillary or *pro interesse suo* proceedings, and those governing courts of concurrent jurisdiction as between themselves, were alone involved. It is settled that the question of jurisdiction which the act of March 3, 1891, provides may be certified to this court directly, must be one involving the jurisdiction of the Circuit Court as a Federal

court. *Louisville Trust Company* v. *Knott,* 191 U. S. 225; *Blythe* v. *Hinckley,* 173 U. S. 501.

Tested by this rule our jurisdiction fails, and the appeal must be

*Dismissed.*