## BOSTON ACME MINES CORPORATION et al. v. SALINA CANYON COAL CO. et al.

(Circuit Court of Appeals, Eighth Circuit. January 10, 1925.)

No. 6715.

1. **Trial** ⬡2—**Court may set aside order consolidating causes.**

The court has power to set aside an order consolidating causes for trial, and orders remanding one of the causes to the state court and dismissing the other have the effect of vacating the order of consolidation.

2. **Courts** ⬡405(5)—**Review by Supreme Court is given only where jurisdiction of District Court as federal court is involved.**

Where a cause is dismissed by a District Court on the ground that a prior action is pending in a state court involving the same subject-matter, the dismissal is not for lack of jurisdiction as a federal court, which alone makes it reviewable by the Supreme Court, and denies jurisdiction to the Circuit Court of Appeals, under Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215).

3. **Courts** ⬡493(3)—**Pendency of suit to quiet title in state court excludes jurisdiction of subject-matter by federal court.**

A suit in a state court to quiet title, brought under Comp. Laws Utah 1917, § 7247, is in the nature of a suit in rem, and gives that court priority of jurisdiction over the subject-matter, to the exclusion of that of a federal court in a suit between the same parties, brought subsequently and while the state suit is pending.

**4. Courts ⟐493(3)—Intervener held party, so as to preclude suit in another court over same subject-matter.**

Where corporation petitioned for leave to intervene in suit brought in a state court to quiet title, alleging that the defendant was its agent, and that it was the real party in interest, *held*, that it became a party, as respected its right to bring a suit in a federal court involving the same subject-matter.

**5. Appeal and error ⟐674—Error not predicable on ruling as to priority of jurisdiction, when necessary facts not shown.**

Error cannot be predicated on holding of District Court that state court had priority of jurisdiction over the subject-matter, where the allegations of the original bill, filed in the federal court before the complainant in that court intervened in the action in the state court, are not shown by the record.

**6. Courts ⟐351½—Dismissal of suit on the ground of prior jurisdiction of state court held error as to parties and issues not involved in state suit.**

Where a suit brought in a federal court during the pendency of a suit involving the same subject-matter in a state court included new parties in addition to those in the state suit, and involved issues between those parties, it was error to dismiss the suit as to them because of the prior jurisdiction of the state court.

**7. Action ⟐69—Prior jurisdiction of state court ground only for stay of subsequent suit in federal court.**

Priority of jurisdiction of a state court over the subject-matter of a later suit in a federal court is ground only for stay of the latter suit, and not for its dismissal.

Appeal from the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Suit in equity by the Boston Acme Mines Corporation and others against the Salina Canyon Coal Company and others. From a decree dismissing the bill, complainants appeal. Modified.

From a decree dismissing the plaintiffs' bill, this appeal has been taken. The decree recites that the case came on for trial in open court, and that evidence was produced on behalf of the plaintiff; that the defendants thereupon moved that the case be dismissed for lack of jurisdiction, and that the court sustained said motion and ordered that the case be dismissed, without costs, and continues as follows: "Thereupon, by virtue of the law and by reason of the premises aforesaid, it is considered, ordered, and adjudged by the court that the plaintiff take nothing by its bill in equity herein, and that said defendants go hence hereof without day, and the bill in this case be dismissed." From a colloquy between court and counsel, it appears that, after evidence had been produced in the suit for a number of days, the court was of the opinion that one of two suits which had been consolidated and heard together was improperly removed from the state court, and an order was made remanding that suit. After this remand the court expressed the opinion that the suit remaining in the United States court was so nearly identical with the suit which was remanded that the controversy should be determined in that suit, inasmuch as it had been begun before the suit was filed in the United States court, and thereupon the order of dismissal was entered. The specifications of error challenge the orders thus made. The parties will be referred to as they appeared in the suits in the trial courts.

The first suit was begun in the state court on June 8, 1922, by the Salina Canyon Coal Company, hereafter called Salina Company, as plaintiff, against Emil J. Klemm, as defendant. The complaint alleged that the plaintiff was the owner and was in the possession of coal and other minerals, and of the timber necessary to be used in mining them on and in a large tract of land in Sevier county, Utah, and of an undivided one-third interest in all coal or underground minerals in other lands adjacent to these and alleged that the defendant claimed, without right, an interest in these lands adverse to the plaintiff, and prayed that its title be quieted as against the defendant's claim. Four days later, and on June 12, 1922, the Boston Acme Mines Development Company, hereafter called Development Company, filed a bill in the United States District Court for the District of Utah, against the Salina Company, R. M. Lehman, Carl A. Mattsson, Banard E. Mattsson, and the wives of the last named two defendants. None of the allegations in this bill, or in an amended bill filed in the same case by the Development Company two days later, are contained in the record, except those relating to the citizenship of the parties and the amount in controversy.

The Development Company on July 1, 1922, filed a combined answer and petition in the suit in the state court, praying that it be permitted to intervene for the purpose of removing the suit to the United States court. In this petition there was a denial of the allegations of ownership and possession contained in the Salina Company's petition, and an allegation that the intervener was the actual and equitable owner of the property. The petition of intervention

alleged that Klemm had acted as the agent of the intervener in contracting with the owners of the land for the purchase of the coal and mineral rights, although Klemm had executed the contract in his own name as purchaser. There were further allegations that Lehman, acting as an agent or trustee for the intervener and obligated to complete the payments to the vendors under the contract which Klemm had made, had failed to execute his trust, and had procured the title to the property to be taken in his own name, and had organized the Salina Company as a corporation, in which he had had nearly all of the capital stock issued to himself, and had conveyed the property to it, but in trust for himself. There were other allegations as to claimed breaches of trust by Lehman as to other property. The intervener asserted that Lehman and the Salina Company held all of this property in trust for the intervener, and that the title thereto should be decreed to be in the intervener. Claiming that, therefore, a separable controversy existed between the Salina Company and itself, the prayer, as stated, was that the Development Company should be allowed to intervene for the purpose of removing the suit to the District Court of the United States. A bond was filed and an order of removal was made upon this petition by the state court on July 3, 1922.

The Development Company filed an answer and counterclaim in this suit on August 22, 1922. Only a portion of it is contained in the record, but it recites that the Development Company had theretofore intervened and been made a party, answered to some of the allegations of the Salina Company's complaint, and set forth what it stated was a counterclaim. A reply was filed by the Salina Company on September 14, 1922. Meanwhile in the suit which the Development Company had begun in the United States court the Salina Company and Lehman had filed an answer and counterclaim on July 29, 1922. Only a portion of this pleading is in the record, but it appears from the portion of the counterclaim pleaded that these defendants asserted that the Salina Company was the owner and was in possession of the property, and they alleged that the Development Company claimed some interest therein, asserted that it had no estate or interest whatever, and prayed that the title of the Salina Company should be quieted as against any claim of the Development Company. Some amendments were made on August 12, 1922,

to the bill in the suit begun in the United States court, but the record does not show what they were. On September 7, 1922, a stipulation was made between the Development Company and the Salina Company and Lehman, reciting that the parties, subject-matter, and issues to be tried in the two actions then pending were substantially the same throughout, and that a decision in one would be an effective disposition and decision in the other, and that they might be consolidated, both for settling pleadings and for trial; that the answer and counterclaim of the Development Company in the suit removed from the state court should be taken as the bill in the other case, being in substance the same, and but little different in verbiage from the amended bill filed on August 12, 1922. Further stipulations were made as to filing the answer and counterclaim of the Salina Company and Lehman in the case begun in the United States court and as to a reply thereto, and providing that the consolidated cases should then be at issue.

On the day this stipulation was filed the court made an order generally following the terms of the stipulation, and providing that the two actions "are hereby consolidated, both for settling the pleadings, and for trial on the merits, and for all purposes of appeal or review, until final disposition of the cases as one case." At a later date, on November 25, 1922, another amended bill of complaint was filed, in which the Boston Acme Mines Corporation appears as a co-plaintiff with the Development Company. By this amended bill Klemm was made a defendant for the first time to the suit begun in the United States court. In this amended bill was set forth more at length the allegations which the Development Company had outlined in its answer and petition in intervention filed in the state court. The relationship of the Boston Acme Mines Corporation to the Development Company was also alleged as that of parent and subsidiary corporations, one holding the stock control of the other. The agency and trusteeship of Klemm and of Lehman for the plaintiffs was alleged, and the acts of each in taking title in his own name, which were alleged as done for the benefit of the plaintiffs, and the prayer was for a decree declaring that the defendants held the property in trust for the plaintiffs. The pleading contained: "And by way of answer to the complaint of the Salina Canyon Coal Company in its suit No. 6889 herein, begun and filed in the district court of Sevier

county, Utah, and removed into this court, the complainants admit," and proceeded to admit or deny the allegations in that complaint.

On January 9, 1923, the Salina Company, Lehman, and others answered to this last amended bill of the Boston Acme Mines Company and of the Development Company, and included a counterclaim, again asserting the claim of the Salina Company, and praying that its title be quieted. Klemm answered, adopting all the averments of the Boston Acme Companies and disclaiming any interest in the property, except as trustee for the Development Company, and denies the allegations of the answers and counterclaims of the Salina Company and of Lehman. The case came on for trial before the court upon these last pleadings, and testimony was heard for five days by the court. None of this testimony is preserved in the record. After this testimony had been given the court made the orders of which complaint is now made in this appeal taken by the Development Company and the Boston Acme Mines Corporation.

P. G. Ellis, of Salt Lake City, Utah (Thomas Marioneux, of Salt Lake City, Utah, on the brief), for appellants.

Mahlon E. Wilson, of Salt Lake City, Utah (L. Eggertsen Cluff, Frederick C. Loofbourow and Albert R. Barnes, all of Salt Lake City, Utah, on the brief), for appellees.

Before LEWIS, Circuit Judge, and MUNGER and MILLER, District Judges.

MUNGER, District Judge (after stating the facts as above). Much of the argument of appellants is given to questioning the propriety of the order remanding the case of the Salina Company against Klemm and the Development Company to the state court. It is claimed that after the order of consolidation was made there was only one suit in the United States court, and therefore there was no suit to be remanded. The order provided that the two actions were consolidated, both for settling the pleadings and for trial on the merits, and for all purposes of appeal or review, until final disposition of the cases as one case. The two cases had been known by their docket numbers, 6889 and 6792. After this order was made the Salina Company filed a reply in cause No. 6889, and the Development Company filed another amended bill of complaint, joining with it as a coplain-

tiff the Boston Acme Mines Corporation. This was entitled as follows: "Boston Acme Mines Corporation and Boston Acme Mines Development Company, Corporations, Complainants (No. 6792), v. Salina Canyon Coal Company, a Corporation, R. M. Lehman, Carl A. Mattsson, Nora Mattsson, Banard E. Mattsson, Maude Mattsson, and Emil J. Klemm, Respondents, Consolidated with Salina Canyon Coal Company, a Corporation, Plaintiff (No. 6889), v. Emil J. Klemm, Boston Acme Mines Development Company, Boston Acme Mines Corporation, Defendants, R. M. Lehman, Carl A. Mattsson, Nora Mattsson, Banard E. Mattsson, and Maude Mattsson, Defendants to counterclaim."

The amended bill begins as follows: "Come now the above-named Boston Acme Mines Corporation and Boston Acme Mines Development Company, and humbly complaining of the several parties above named as respondents in case No. 6792, * * * and alleges," etc. Thereupon the plaintiffs set forth their claims to the property in question, and pray for a decree finding that the defendants named have no right, title, or interest in the property, except as in trust for the plaintiffs, and for an order requiring a conveyance to the Development Company, and for costs. The bill then continues: "And by way of answer to the complaint of the Salina Canyon Coal Company in its suit No. 6889 herein, begun and filed in the district court of Sevier county, Utah, and removed into this court, the complainants admit," etc., following by admissions and denials and averments.

The Salina Company, Lehman, and the Mattssons answered this amended bill, and the Salina Company set up as a counterclaim substantially the same allegations contained in the original bill filed in the state court, except that the Development Company and the Boston Acme Mines Corporation, as well as Klemm, were alleged to claim some interest in the property and a decree was prayed quieting the title of the Salina Company as against each of these three defendants. Klemm answered the "amended bill" and "the complaint of the Salina Canyon Coal Company in case No. 6889," adopting all the allegations of the Boston Companies and also denied the allegations of the "complaint in case 6889 and in its replica, the counterclaim of the Salina Canyon Coal Company in Case No. 6792." It will be seen that the parties, after the order of consolidation, kept the pleadings separate and distinct in the two

cases, treating each case as if it still existed as a separate suit. At the trial there was continued reference to each of the cases by the separate numbers, and finally motions were made by the Salina Company to remand the case No. 6889, and to dismiss the case No. 6792.

[1] The order of the court made on September 26, 1923, was that case No. 6889 be remanded to the state court, and the order made September 27, 1923, was that case No. 6792 be dismissed, that the plaintiff take nothing by its bill in equity, and that the defendants go hence without day. In this condition of the record, it cannot be said that there was but one suit pending at the time of the orders complained of. By their pleadings the parties had kept the issues separate in each of the cases. Furthermore, the court had power to make an order setting aside the order of consolidation (Colburn v. Hill, 101 F. 500, 507, 41 C. C. A. 467; 1 Corp. Jur. 1137, 1138), and the order remanding one of the cases and dismissing the other had the effect of vacating the order of consolidation. The trial court was of the opinion that case No. 6889 was improperly removed, because the defendant Klemm was a necessary party, and both he and the plaintiff were citizens of Utah. We are precluded from a review of the action of the court remanding this case, both by the terms of section 28 of the Judicial Code[1] which provides, "Whenever any cause is removed from any state court into any District Court of the United States, and the District Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the District Court so remanding such case shall be allowed," and by the fact that the appeal was taken only from the decree of September 27, 1923, and did not purport to be taken from the order of remand entered September 26, 1923.

[2] The appellees object to a review of the decree of dismissal on the ground that the trial court dismissed the suit for want of jurisdiction, and therefore an appeal should have been taken to the Supreme Court. On the face of the decree the judgment appears to have been on the merits, but, looking at the grounds for the dismissal, as the appellees do in their discussion of this proposition, it appears that the appellees made a motion for a dismissal of case No. 6792 for lack of jurisdiction, and

the court was of the opinion that, after having remanded case No. 6899 to the state court, there was such a conflict of jurisdiction between the state court in that case and the United States Court in case No. 6792 that the latter court was prevented from exercising jurisdiction to determine the issues in case No. 6792, and therefore the dismissal was entered.

The review that is given to the Supreme Court and denied to this court by sections 128 and 238 of the Judicial Code (Comp. St. §§ 1120, 1215), in cases where the jurisdiction of the District Court is in issue, is given only in those cases where the jurisdiction of the District Court as a federal court is involved; but, where the dismissal is on the ground that a prior action is pending in the state court of such a nature as may lead to a conflict between the courts as to matter in controversy, the dismissal is not for lack of jurisdiction as a federal court, but because of the general principles of jurisprudence and of the rules governing the action generally of courts of concurrent jurisdiction in their relations to each other. Louisville Trust Co. v. Knott, 191 U. S. 225, 233, 235, 24 S. Ct. 119, 48 L. Ed. 159; Bache v. Hunt, 193 U. S. 523, 525, 24 S. Ct. 547, 48 L. Ed. 774; Fidelity Trust Co. v. Gaskell, 195 F. 865, 869, 115 C. C. A. 527. This court, therefore, has jurisdiction of this appeal.

[3] The appellants claim that there was no conflict of jurisdiction between the cases in the state and federal court, because the suit in the state court was not an action in rem, and that court had not taken possession of the property involved. The suit in the state court alleged the ownership and possession in the Salina Company of coal, mineral, and timber in and upon 2,410.35 acres of land in Utah, asserted that the defendant Klemm claimed, without right, some interest therein, and prayed a decree barring him from asserting any further claim. This was a suit to quiet the plaintiffs' title, permitted in this form by section 7247 of the Compiled Laws of Utah 1917. Parley's Park Silver Mining Co. v. Kerr, 130 U. S. 256, 261, 9 S. Ct. 511, 32 L. Ed. 906; Glasmann v. O'Donnell, 6 Utah, 446, 450, 24 P. 537. It was not an ordinary action in personam, but was in the nature of a suit in rem, and sought a decree declaring the title to the property. The rule governing as to suits of this nature was stated by this court in Zimmerman v. So Relle, 80 F. 417, 420, 25 C. C. A. 518, 521, as follows:

[1] Comp. St. § 1010.

"But when, as in the case at bar, two suits in chancery are pending between the same parties, the one in a state and the other in a federal court, the object of both suits being to quiet the title to the same tract of land, that court which first acquires jurisdiction by the issue and service of process must be allowed to proceed with the hearing and determination of the case; and, so long as the first suit remains pending and undetermined, the action of the court in which it is pending should not be embarrassed by proceedings taken or orders made in the case which was last brought."

And substantially the same rule was announced in Dennision Brick & Tile Co. v. Chicago Trust Co. (C. C. A.) 286 F. 818, 820. See, also, 6 Pom. Eq. Jur. § 743.

[4] Appellants also claim that the suits do not involve the same specific property and are not between the same parties. For the purpose of the discussion of this claim, it may be conceded that the original suit in the state court involved only the personal claim of Klemm to the property stated, and not any rights that he possessed as an agent or trustee for others; but the Development Company on July 1, 1922, filed an answer and petition of intervention in that case, wherein it denied the ownership and possession of the Salina Company and set forth in detail its claim to the property, asserting that Klemm had been the intervener's agent in making the contracts for the purchase of the property, and that the intervener was the real party in interest. It further alleged that Lehman had also acted as an agent and trustee for the intervener, in consummating the purchase and conveyance of the land, but had acted in breach of his agency and trust in taking title to himself, and in organizing the Salina Company, and conveying the property to it, as well as in obtaining appropriations of water rights for use in connection with this property.

The intervener averred that all the rights claimed by the Salina Company in the lands and in the water rights in fact belonged to the intervener, and prayed permission to intervene and to remove the case to the United States Court. By thus assuming in that case the defense of the agent, Klemm, and especially by an answer alleging its relationship to Klemm and to Lehman and the Salina Company, it became a party to that case. Lovejoy v. Murray, 3 Wall. 1, 18, 18 L. Ed. 129; Plumb v. Goodnow, 123 U. S. 560, 561, 8 S. Ct. 216, 31 L. Ed. 268; Souffront v. Compagnie Des Sucreries, 217

U. S. 475, 487, 30 S. Ct. 608, 54 L. Ed. 846; Cushman v. Warren-Scharf Asphalt Paving Co., 220 F. 857, 860, 135 C. C. A. 289.

[5] It is true that the Development Company had filed a suit in the United States court on June 12, 1922, after the suit had been filed in the state court, and before it filed its answer and petition in intervention; but the record does not show anything of this bill, except the names of the parties, the number of the case, 6792, the date of its filing, and a portion of the first paragraph, reading as follows: "Your petitioners respectfully allege and show to the court as follows, to wit. * * *" The amendment thereto, filed on June 14, is also limited to the title, and to three paragraphs, Nos. 20, 21, and 22, stating the citizenship of the parties and the amount in controversy. It was again amended on August 12, 1922, but only the title, the introductory address, and the paragraphs as to the citizenship and the amount in controversy are in the record. The stipulation and order for consolidation of the cases recite that "the parties, subject-matter, and issues to be tried in the two above-entitled actions now pending in this court are substantially the same throughout"; but what the claim of the appellants was, or what relief was asked for on the part of the appellants, or what, if any, property was involved at that time, as shown by the pleadings, does not appear from the record. The last amended bill on behalf of the appellants, filed on November 25, 1922, is contained in the record in this court. This bill asserts, at length, the relations existing between the plaintiffs therein and Klemm and Lehman and the Salina Company, whereby it claimed that the property was held by the Salina Company wrongfully and in trust for the Development Company, and it prayed for a decree declaring the trust and ordering a conveyance to the Development Company. The allegations of this amended bill are generally similar to the allegations of the answer and petition in intervention that had been filed in the state court.

The question of priority between the two suits, as between the Development Company and the Salina Company, cannot be determined, except by a comparison of the original bill filed in the United States court with the answer and petition of intervention filed in the state court and the original bill filed in the state court. If the Development Company submitted itself to the juris-

diction of the state court by that answer and petition in intervention, before it had invoked, the jurisdiction of the United States court over the res involved, then the United States court should have deferred final action in the case as to these issues until the action of the state court. We are unable to determine from the last amended bill of appellants, or from other portions of the record, what was alleged in the original bill filed in the United States court before the answer was filed in the state court. The several amendments and amended bills filed in the United States court may have materially added to or changed the averments of the original bill. Error must appear, and cannot be presumed, and therefore the decision of the trial court that the issues involved in the state court were so much the same as those in the United States court that the trial should not proceed in the latter court is not shown to be erroneous by anything appearing in the record, so far as the issues made between the Development Company and the Salina Company are concerned.

[6] The last amended bill in the United States court, as has been stated, joined the Boston Acme Mines Corporation as a party plaintiff and joined Lehman and the Mattssons as defendants. None of these parties were parties to the original bill in the state court. The bill claims that the Boston Acme Mines Corporation was a parent corporation to the Development Company and the latter was a subsidiary; that the former held the stock control of the latter and provided it with working capital; and that the stock of the Development Company represented all of the property of the Mines Corporation in Utah. It is alleged that Lehman was a stockholder in the Boston Acme Mines Corporation, and made agreements with it to advance and to loan funds to it, to be used on behalf of the Development Company in acquiring the property involved in this case, and to act on behalf of the Development Company in completing the acquisition of the property from the Mattssons, and that the Boston Acme Mines Corporation advanced money to him for this purpose; that Lehman failed to execute his trust or to account for the money advanced to him. The prayer asks that the defendants be declared to hold the property in trust for the plaintiffs, but that it be ordered conveyed to the Development Company and for general relief.

[7] Before making the order of dismissal the court inquired of complainant's counsel if he sought a personal judgment, and the counsel replied that the object of the bill was a decree that would operate as declaring a resulting or constructive trust in the Salina Company as trustee of this property, which it should be required to execute by making a conveyance to the Development Company. It may not have been the intention of the plaintiff, the Boston Acme Mines Corporation, to forego, by reason of this statement, any right to claim a personal judgment against Lehman. In view of the fact that no suit in the state court prevented the exercise of jurisdiction to proceed in this case as to the issues between the Boston Acme Mines Corporation or the Boston Acme Mines Development Company, as a plaintiff, and Lehman and the Mattssons, we think the suit should not have been dismissed or stayed as to such plaintiff and defendants, if the parties wished to proceed with the suit on these issues. Nor was the issue between appellants and Klemm involved in the suit in the state court. If appellants desired to proceed as against Klemm, they should have been allowed to procure a determination of the issues, if any, between themselves and him. Likewise the order of dismissal, as to the Salina Company, was erroneous, as the order should have gone no further than to have granted stay of further proceedings until the suit in the state court was concluded, or that court had relinquished dominion over the suit or ample time had elapsed for a determination there. Zimmermann v. So Relle, 80 F. 417, 420, 25 C. C. A. 518; Mound City Co. v. Castleman, 187 F. 921, 927, 110 C. C. A. 55; Bunker Hill & Sullivan Min. & C. Co. v. Shoshone Min. Co., 109 F. 504, 508, 47 C. C. A. 200.

The decree of the trial court will be modified, without costs to either party, so that the order of dismissal will be set aside, with directions to the court to proceed, if the parties shall be so advised, with the trial of the issues between the Boston Acme Mines Corporation and the Boston Acme Mines Development Company, as plaintiffs, and the defendants R. M. Lehman, Carl A. Mattsson, Nora Mattsson, Banard E. Mattsson, Maude Mattsson, and Emil J. Klemm, and to stay further action on the issues between the plaintiff the Boston Mines Development Company and Salina Canyon Coal Company, as already indicated in this opinion.