### WESTERN STATES MACH. CO. v. S. S. HEPWORTH CO. (two cases).
Civil Actions Nos. 1544, 1636.

District Court, E. D. New York.
March 7, 1941.

See, also, 1 F.R.D. 576.

Hammond & Littell, of New York City (Nelson Littell and Albert C. Johnston, both of New York City, of counsel), for plaintiff.

Howson. & Howson, of New York City (Hubert Howson and W. F. Sonnekalb, Jr., both of New York City, of counsel), for defendant.

BYERS, District Judge.

These are patent infringement causes in which injunctions are sought; in the crude parlance of less enlightened days, they would have been called suits in equity.

Plaintiff moves to consolidate them for trial, which defendant opposes; the latter moves for separate trials as to certain of the infringements as alleged in the first cause.

Both parties manufacture and sell centrifugal separators used in refining sugar.

In the first cause, plaintiff's patents Nos. 1,719,132; 1,758,901; 1,861,798, and 2,096,341 are said to have been infringed. The last covers water-cooled brake apparatus, and the first three relate to automatic control, of the machines.

The second cause relates to the asserted infringement of plaintiff's patent No. 2,145,633; relating to a syrup separator. One structure may employ all accused devices, although this is not necessarily true.

The plaintiff urges that these are related matters which can be best disposed of in one trial, although concededly the same art is not common to both causes.

The defendant argues that, since it sometimes installs the water-cooled brake apparatus in structures lacking the automatic control means of operation, it is entitled to have the issues concerning that patent adjudicated separately; the more so because the patent is not complex, and the hearing would not extend beyond two days, while the automatic control and the syrup separator are highly abstruse and complicated, and will involve the prolonged taking of testimony.

It prefers that the water-cooled brake apparatus patent be severed from the other issues in the first cause, and separately adjudicated; and that the second continue as such, so that, in all, three trials may be had.

These contentions are intended to array in opposition Subdivisions (a) and (b) of Rule 42, of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, so that a choice between them is required for the decision of these cross-motions.

It is thought that, while the former is not literally involved, since the questions of validity and infringement are not necessarily common to all the cited patents, it will be more convenient to concentrate the issues in one hearing, than to distribute them into three. Centrifugal separators are to be studied in both causes, and whether there is a thread of consanguinity to be discerned in these three aspects of the one operating unit, may be the more readily ascertained if the several causes are marshaled for adjudication.

This is not to say that there is no practical expediency in the defendant's preference for separate determination of the water-cooled brake element; perhaps there is, but the preponderance of convenience is thought to lie with consolidation because in all probability, if the causes were to be tried separately, the second and third would be deferred, at counsel's request, pending availability of the judge who had tried the first, on the ground of his ostensible familiarity with the subject-matter of controversy, which might entail more delay, in the long run, than if all cognate issues were to be litigated in one cause.

Motion to consolidate granted; motion for separate trials denied. Settle order.