**UNITED STATES v. BREGLER et al.**

Civil Actions Nos. 3197, 2967, 3120, 3087, 2953, 2979, 3034, 3352.

District Court, E. D. New York.

Feb. 17, 1944.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (By Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., and Jack London, Atty., Criminal Division of Department of Justice, of New York City), for plaintiff.

George C. Dix, of New York City, for defendant Henry Hauck.

David V. Cahill, of New York City, for defendant Van den Bergh.

Defendant Carl Bregler, pro se.

Defendant Hugo Weiss, pro se.

GALSTON, District Judge.

The motion is for an order to consolidate, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, these civil actions, solely for the purpose of securing a joint trial of the questions of law and fact common to all of them.

Each of these actions was instituted against the respective defendants pursuant to Sec. 338 of the Nationality Act of 1940, 54 Stat. 1158, 8 U.S.C.A. § 738, seeking the revocation of the decrees admitting them to United States citizenship on the ground that such decrees were obtained fraudulently.

From the affidavits supporting the application, it seems that to prove the allegations of the several complaints the plaintiff will offer evidence that each of the defendants was a member of the "Friends of New Germany", later designated and known as "The German-American Bund", or of "The German-American Bund".

It is asserted that acceptance of the principles underlying these organizations and participation in the practices thereof were inconsistent and irreconcilable with the oath to the petition for naturalization and the oath of allegiance to the United States of America, both of which are required by law and which were administered to each of the defendants.

From the motion papers it appears that the evidence of membership in the "German-American Bund", or its predecessor, "Friends of New Germany", as well as evidence concerning the main purposes and character of those organizations, is common to each case. Thus there are presented common questions of law and fact within the intent and purpose of Rule 42 (a) of the Rules of Civil Procedure. Of the defendants named in these various actions, this motion is opposed only by the defendants Henry Hauck and Frederick William Van den Bergh; but their respective affidavits fail to meet the persuasive arguments of the Government of the advantage in point of time and effort which would result from granting the relief sought.

■ The practice has been frequently recognized and abundantly approved as promoting convenience and economy in judicial administration, Willcox v. Goess, D.C., 16 F.Supp. 350; International Organization, etc., v. Red Jacket C. C. & C. Co., 4 Cir., 18 F.2d 839; Johnson v. Manhattan R. Co., 289 U.S. 479, 53 S.Ct. 721, 77 L. Ed. 1331. Those cases were decided before the promulgation of the new federal rules of practice. Authorities sustaining the same principle and approving the same practice since the effective date of the new rules are Hotel George V v. McLean, D.C., 1 F.R.D. 241; Western States Mach. Co. v. S. S. Hepworth Co., D.C., 37 F. Supp. 377; Sherwood v. United States, 2 Cir., 112 F.2d 587. See also Edmunds, Federal Rules of Civil Procedure, 1941 Cumulative Supplement, p. 161, wherein is stated:

"Emphasizing the extent to which the new rules have given discretionary power to the courts to control the course of litigation, Edson R. Sunderland, addressing the Cincinnati Conference on the new Federal Rules of Civil Procedure, said: 'Thus the court * * may exercise a similar discretion in ordering a joint hearing or trial of any or all matters in separate actions involving a common question of law or fact. (R. 42(a).' 13 U. of Cincinnati L.Rev. 19, 20."

■ At the argument there was apprehension expressed by one or both of the opposing counsel lest the several causes merge into a single cause. That will not be the effect of the granting of this motion. On the contrary, in the trial of each case the weight of the evidence sought to be adduced, and indeed possibly its ultimate relevancy, are left as open matters for determination by the trial court. See Boston Acme Mines Corporation v. Salina Canyon Coal Co., 8 Cir., 3 F.2d 729.

Motion granted. Settle order.