William C. RICHARDS, Plaintiff,

v.

Howard EVERITT, an individual, Vigo Trailer Rentals, Inc., a Corporation, Trans-Eastern Equipment Company, a corporation, Defendants.

Civ. A. No. 62–201.

United States District Court
W. D. Pennsylvania.

Aug. 1, 1963.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendants Vigo and Trans-Eastern.

Wallace E. Edgecombe, Pittsburgh, Pa., for defendant Everitt.

ROSENBERG, District Judge.

Approximately ten motor vehicles collided telescopically as they travelled in the same easterly direction on the same side of the Pennsylvania Turnpike near Donegal, Pennsylvania, on or about March 24, 1960. As a result of this mass collision, two actions have been filed in this court, one here at No. 62–201 and the other at Civil Action No. 61–698.

Howard Everitt, one of the three defendants in this case, now seeks by motion leave to effect joinder of five parties, all of whom, with others, are presently parties in the civil action at No. 61–698, as third-party defendants. The motion is based upon defendant Everitt's desire, if he should be found liable to plaintiff, to then have as third-party defendants, Eastern Express, Inc., Nina McAnnally, John Eugene Gibson, Marvin McAnnally, t/d/b/a M & M Motor Sales and Kaplan Trucking Company, liable over to him for contribution for their pro-rata share under the Pennsylvania Uniform Contribution Among Joint Tortfeasors Act. 12 P.S. § 2089.

The plaintiff and the other defendants in this action oppose this motion and contend that these cases will become overinvolved and complicated because:

a. Discovery has been completed and all sides have prepared their cases with due diligence, and to grant defendant's motion would require an extension of the discovery period and would protract this case still further.

b. If the motion is granted, the factual picture will become intolerably complicated and approximately nine parties will appear as defendants, in contrast to the three who already exist as defendants, and this will create confusion.

c. The granting of this motion will work considerable harm to the plaintiff.

d. Defendant seeks to inject into the case the questions of possible negligence of five additional parties, and the charge of the court would have to include an explanation of how these third-party de-

fendants might be liable for contribution but not directly to the plaintiff, and this would complicate and confuse further the present trial situation.

e.   Joinder of proposed third-party defendants will delay pretrial and trial and so prejudice the plaintiff and also the other defendants.

f.   Defendant seeks this joinder as in effect a second effort to consolidate this action with Civil Action No. 61–698.

g.   The action at No. 61–698 has been pretried and is ready for trial.

In examining the complaints in both cases, I have attempted to delineate the placement of each of the ten cars involved, some of which were combination tractor trailers.   There appears to be both a lack of information and some contradiction in the pleadings as filed in the two cases.

Undoubtedly, if this motion is granted, there will be an involvement of twelve or more parties, the plaintiff, the defendants, third-party defendants, together with counter-actions and cross-suits. We may basically anticipate certain collateral issues will be raised, as for instance, the question of Master and Servant as in the case of Nina McAnnally and Marvin McAnnally, her husband; the servant relationship of M & M Motor Sales; the lessee and lessor relationship and the legal responsibility between Kaplan Trucking Company and Eastern Express, Inc. Because these and other parties are already litigating their respective claims, we may fairly assume that there will be duplications of issues with some complications in these regards.   We, therefore, have one mass collision with its interplay of a number of highly probably causes and effects as they relate to the parties and the issues, inter se.   With the numerous parties now participating in two different complex actions, the adding of some of these from the 61–698 action to this action for the purpose of giving one of these defendants a present secondary remedy could, in my opinion, effectually so complicate all the issues as to substantially thwart the original actions, while not necessarily granting Everitt any contribution remedies.   In any event, such a disposition is neither necessary, nor desirable under these circumstances.

While Rule 14(a) of the Federal Rules of Civil Procedure [1] provides for the bringing into a case of additional parties either upon motions of the plaintiff or of the defendant, it does not require this to be done, but the decision rests within the sound judicial discretion of the court. Andromidas v. Theisen Bros. et al., 94 F.Supp. 150, 152, D.C.Neb., 1950.

It would be preferable to hear the actions caused by this entire mass collision at one time, but it would not be likely that this could be conveniently or justly done.   The joining of additional parties here will have the effect of merging several additional causes into a single action, with the probabilities of ramifications and confusion burdening the parties and particularly the jury.   The matter does not become simplified by adding the third parties, but rather expanded and likely to assume complications which would tend to confuse, prejudice and de-

---

[1].   Third-Party Practice.

"(a)   When Defendant May Bring in Third Party.   Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.   * * *   The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13.   A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.   As amended Dec. 27, 1946, effective March 19, 1948."

feat justice. United States v. Bregler, D.C.N.Y., 1944, 3 F.R.D. 378.

The record here also shows that a motion by the defendant to consolidate this action with Civil Action No. 61–698 has already been considered and refused by Judge Sorg of this Court. The motion here for bringing in third-party defendants reproduces in part that motion to consolidate.

For all of these reasons the motion to bring in third-party defendants will be refused.